**Hongfu CHEN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–72473

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2016 [*]

June 2, 2016

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Hongfu Chen, pro se.

Jeremy M. Bylund, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

MEMORANDUM **

Hongfu Chen, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Chen's inconsistent and implausible testimony as to the legality of church attendance in China. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances");

see also *Rizk v. Holder,* 629 F.3d 1083, 1088 (9th Cir.2011) (substantial evidence supported adverse credibility finding where petitioner had ample opportunity to explain inconsistencies but failed to offer reasonable and plausible explanations). In the absence of credible testimony, Chen's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, we lack jurisdiction to consider any claim by Chen based on China's family planning policy because he did not raise it in his administrative proceedings. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004) (petitioner must exhaust claim in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.